UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER BADGETT,

    Plaintiff,

v.                                                      Case No. 17-C-49

CO LUNENBERG, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Christopher Badgett, who is incarcerated at the Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court for screening Badgett's complaint and on his motions to proceed *in forma pauperis* and to appoint counsel.

**A. Motion to Proceed *In Forma Pauperis***

The plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Badgett has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $44.68. Badgett's motion to proceed *in forma pauperis* will be granted.

**B. Screening of the Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Badgett asserts that the defendants violated his Eighth Amendment rights in a number of ways. According to Badgett, his plight began on January 29, 2016 at the Green Bay Correctional Institution. Badgett was placed in observation after notifying officers that he was having suicidal thoughts. Before giving Badgett a smock, Officers Lunenberg and Steel sought to search his cell. Rather than fully restrain Badgett, Officer Lunenberg placed a tether on his right wrist. Once Officer Lunenberg opened Badgett's cell door, he grabbed Badgett's left arm and threw his body against

3

Badgett's, forcing him against the wall. Badgett alleges Officer Lunenberg bent his arm behind his back causing excruciating pain and started banging Badgett's head against the wall. Badgett asserts that Officer Steel grabbed and bent his right wrist. Officer Lunenberg called for Sergeant Bouzek to come to Badgett's cell. Badgett claims Sergeant Bouzek ordered him to stop resisting, even though Badgett claims he was not. Officer Sanchez also responded to the call and grabbed and bent Badgett's right wrist. Once Badgett was placed back in his cell, Captain Sabishm came to check on him. Badgett claims Captain Sabishm indicated he would investigate the incident and sent Badgett to receive medical attention.

Badgett asserts that the defendants violated his constitutional rights by using excessive force against him. The Supreme Court has held that the core judicial inquiry in an excessive force case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Based on these allegations, Badgett has stated a claim for excessive force under the Eighth Amendment against Officers Lunenberg, Steel, and Sanchez as well as Sergeant Bouzek. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (explaining that liability may be imposed under § 1983 where an official facilitates, approves, condones, or turns a blind eye to unconstitutional conduct).

Badgett also claims that defendants Lunenberg, Steel, and Sanchez subjected him to atypical and significant hardship. The Fourteenth Amendment provides to inmates "a liberty interest in avoiding transfer to more restrictive prison conditions if these conditions result in an 'atypical and significant hardship' when compared to 'the ordinary incidents of prison life.'" *Townsend v. Fuchs*, 522 F.3d 765, 768 (7th Cir. 2008) (quoting *Sandin v. Conner*, 515 U.S. 472, 484–86 (1995)). Here, Badgett has alleged no facts that would suggest that his relatively brief time in observation was

accompanied by atypical and significant hardship beyond the normal incidents of incarceration. Absent such an allegation, he fails to state a claim.

Badgett further asserts that the defendants' actions constituted deliberate indifference. To demonstrate deliberate indifference, Badgett must show "actual knowledge by the officials and guards of the existence of the substantial risk and that the officials had considered the possibility that the risk could cause serious harm." *Washington v. LaPorte Cnty. Sheriff's Dept.*, 306 F.3d 515, 518 (7th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Ordinary negligence by prison officials, however, is not enough to demonstrate an Eighth Amendment violation. *Washington*, 306 F.3d at 518; *see also Wilson v. City of Chicago*, 6 F.3d 1233, 1241 (7th Cir. 1993) (explaining that neither respondeat superior nor negligent supervision of subordinates is an authorized ground for liability in a suit under § 1983). Moreover, it is not enough to show that prison officials merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Here, Badgett's allegations about the officers' conduct do not rise to the level of deliberate indifference. Accordingly, this claim is dismissed.

Badgett also named Dr. Manlove as a defendant, arguing that he was deliberately indifferent to his medical needs by denying him an MRI of his shoulder. Yet, Badgett does not assert that he has been denied medical care. He alleges that he received medical attention after the altercation and participates in physical therapy. At most, Badgett's complaint evinces a disagreement with the course of his medical treatment. In short, Badgett has failed to state a cognizable Eighth Amendment deliberate indifference claim against Dr. Manlove. *See Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003) (holding that a deliberate indifference claim under § 1983 cannot be based on the prisoner's disagreement with medical professionals about his needs).

**C. Motion to Appoint Counsel**

Badgett also moves for appointment of counsel. The legal standard for deciding motions to recruit counsel under § 1915(e)(1) in the Seventh Circuit requires the district court to consider the difficulty of the case and the *pro se* plaintiff's competence to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). Under the *Pruitt* standard, Badgett has failed to demonstrate a need for court-recruited counsel. He has not alleged that he is incompetent and has provided no specific evidence to support a finding that he lacks the competency to litigate this action himself. Badgett asserts that he has no formal training in the field of law. A lack of legal training, however, is not sufficient to justify appointment of counsel. Were this the case, every *pro se* litigant would be entitled to free legal representation. Badgett's presentation of the facts in his complaint was significantly above the average *pro se* litigant's capabilities. Moreover, the difficulty of this case—factually and legally—does not exceed Badgett's capacity to litigate this action. Accordingly, Badgett is not entitled to court-recruited counsel at this time. This denial is without prejudice, and Badgett may ask the Court again at a later stage in the litigation to consider recruiting counsel.

## CONCLUSION

**NOW, THEREFORE, IT IS ORDERED** that Badgett's motion for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Badgett's motion for appointment of counsel (ECF No. 6) is **DENIED**.

**IT IS ALSO ORDERED** that Badgett's claims against defendants Sabishm, Meli, Ludvingston, Waller, Foster, and Manlove are **DISMISSED** with prejudice.

**IT IS ALSO ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants Lunenberg, Steel, Sanchez, and Bouzek pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshal Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that defendants Lunenberg, Steel, Sanchez, and Bouzek shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from Badgett's prison trust account the balance of the filing fee by collecting monthly payments from Badgett's prison trust account in an amount equal to 20% of the preceding month's income credited to Badgett's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

7

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any address changes. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED** this  7th  day of February, 2017.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court